# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                 Case No. 11-20129

DARREN MUSICO,

    Defendant.

_____/

## ORDER REGARDING DEFENDANT'S SELF-REPRESENTATION

On May 2, 2017, the court held a hearing on a motion to withdraw filed by Defendant Darren Musico's court-appointed attorney, Paul D. Muller. In the midst of the hearing, Defendant Musico requested that he be allowed to represent himself as allowed under the Sixth Amendment. *See Faretta v. California*, 422 U.S. 806 (1975). The court granted that request and now sets forth the guidelines to which Defendant must adhere as a *pro se* Defendant.

## I. SELF-REPRESENTATION

In *Faretta v. California*, 422 U.S. 806 (1975), the Supreme Court "recognized a defendant's Sixth Amendment right to conduct his own defense." *McKaskle v. Wiggins*, 465 U.S. 168, 170 (1984). When a defendant proposes to exercise his right to represent himself he must "knowingly and intelligently forgo[] his right to counsel and . . . [be] able and willing to abide by rules of procedure and courtroom protocol." *Id.* at 173. At the May 2, 2017, hearing this court determined that Defendant had "knowingly and intelligently" waived his right to counsel. The court found, and reiterates here, that

Defendant was strongly cautioned against self-representation. He was offered the opportunity to have a substitute counsel appointed, although that might delay the trial. Defendant was admonished that his review of discovery materials would very likely be difficult; he acknowledged all cautions and reaffirmed his desire for self-representation. Defendant was found to be sober, not laboring under any medical disabilities or conditions nor affected by any mental delusions; he expressed himself cogently, properly, and politely, and the court adjudged him competent and ready to proceed.

## II.  STANDBY COUNSEL

The court finds that there is no disabling lack of communication or disability of the part of Mr. Paul Mueller, counsel of record over the past two years, but only a disagreement about adjournments. Defendant expressed a lack of "trust" in counsel but gave no reason beyond his disagreement with the attorney's decision, on Defendant's behalf, to continue the trial date. There is no substantial reason that Mr. Mueller cannot adequately and professionally represent Defendant if needs be.

The court orders counsel of record to remain in place for the purpose of standing by and being available to provide legal assistance to Defendant upon request before trial from time to time, and during trial out of the presence of the jury as may be needed. In that regard, Defendant's self-representation must be both actual and apparent from the perspective of the jury. Defendant will be able to discuss matters as needed during recesses; if Defendant needs an unscheduled recess to consult, he may so request by raising his hand and stating just "legal review" as the reason, the court will afford a brief recess. This recess procedure shall not be overused so as to inappropriately disrupt the trial process.

## III. PRINCIPLES AND CAUTIONS

The court now sets forth some basic principles entailed within the right to self-representation. "Faretta . . . and later cases have made clear that the right of self-representation is not absolute." *Indiana v. Edwards*, 554 U.S. 164, 171 (2008).

**A. Dignity of the courtroom**. Defendant is instructed that "[t]he right of self-representation is not a license to abuse the dignity of the courtroom. Neither is it a license not to comply with relevant rules of procedural and substantive law." *Faretta*, 422 U.S. 806, 834 n.46 (1975). Further, the right "can be lost by disruptive behavior during trial, constituting constructive waiver" because "deliberate dilatory or obstructive behavior may operate in effect as a waiver of his pro se rights." *United States v. Dougherty*, 473 F.2d 1113, 1124-25 (1972). *Illinois v. Allen*, 397 U.S. 337 (1970)).

**B. Integrity of the trial process**. As the *Faretta* Court recognized, "the trial judge may terminate self-representation by a defendant who deliberately engages in serious and obstructionist misconduct." *Faretta*, 422 U.S. at 834 n.46 (citing *Illinois*, 397 U.S. 337). "Even at the trial level . . . the government's interest in ensuring the integrity and efficiency of the trial at times outweighs the defendant's interest in acting as his own lawyer." *Martinez v. Court of Appeal of California*, 528 U.S. 152, 162 (2000); see also generally *Sell v. United States*, 539 U.S. 166, 180 (2003) ("[T]he Government has a concomitant, constitutionally essential interest in assuring that the defendant's trial is a fair one.").

**C. No instruction from the court is available**. This court "is under no duty to provide personal instruction on courtroom procedure or to perform any legal 'chores' for

the defendant that counsel would normally carry out." *Martinez*, 528 U.S. at 162 (citing *McKaskle*, 465 U.S. at 183-84). Any Defendant proposing self-representation needs to educate himself on the Federal Rules of Criminal Procedure, the Federal Rules of Evidence, and the Local Rules of this court. Additionally, Defendant will need to educate himself on proper courtroom decorum, including the basic principles of order and courtesy. A Defendant representing himself is not to unnecessarily interrupt Government's counsel, witness testimony, or the trial itself (e.g., with excessive or frivolous requests for legal consultation per the procedure described in Section 3., above); nor will the court allow other counsel to unnecessarily interrupt Defendant or his presentation.

    **D. The court's orders must be heeded.** When the court speaks, Defendant must listen. When the court rules, Defendant must comply. He may preserve objections, but he must be prepared to move on after the court has ruled.

    **E. Defendant must be prepared to comply with U.S. Marshal restrictions.** As a general proposition, it is the United States Marshal, not this court, who is responsible for the security of the courtroom. Defendant must be prepared to listen to the Marshal, and the deputies assigned to the courtroom, with respect to any physical restrictions which might be placed upon Defendant. Such restrictions may (and likely will) include requiring Defendant to remain at counsel table to question witnesses, address the court, and/or deliver opening and closing remarks.

    **F. The right to self-representation may be voluntarily abandoned only once.** At some time in the future, the court anticipates that Defendant may find himself

overwhelmed, confused, or otherwise unable adequately to proceed without counsel, and in such event may seek the court's order to again have the assistance of counsel. If the court agrees, the court will direct standby counsel to step forward and re-assume his management of the case without delay. If Defendant makes such a request, it shall constitute knowing and voluntary relinquishment of the right of self-representation, and Defendant will not thereafter be permitted to self-represent in this case.

    IT IS SO ORDERED.

                                S/Robert H. Cleland
                                ROBERT H. CLELAND
                                UNITED STATES DISTRICT JUDGE

Dated: May 19, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 19, 2017, by electronic and/or ordinary mail.

                                S/Lisa Wagner
                                Case Manager and Deputy Clerk
                                (810) 292-6522