**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                      Case No. 11-20129

DARREN MUSICO,

    Defendant.
                                          /

**OPINION AND ORDER DENYING DEFENDANT'S MOTION IN LIMINE, MOTION TO PRODUCE, AND MOTION FOR BILL OF PARTICULARS**

On May 2, 2017, the court held a hearing on Defendant Darren Musico's pending motions. During the hearing, the court denied his Motion to Produce (Dkt. # 2041) and his Motion in Limine (Dkt. # 2039). The court also heard argument on Defendant's Motion for a Bill of Particulars (Dkt. # 2040). While the court was inclined to deny that motion as well, the court directed the Government to file a response to the motion. Having now reviewed the response, the court finds its initial inclination was correct, and will deny the motion.

A bill of particulars may be required where an indictment is vague and fails to inform a defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction at bar in another prosecution for the same offense. *United States v. Brimley,* 529 F.2d 103, 108 (6th Cir. 1975).

This indictment passes the *Brimley* test. More precise dates, times, and places for various events as Defendant seeks through a Bill of Particulars are not required.

*United States v. Salisbury,* 983 F.2d 1396, 1375 (6th Cir. 1993). Defendant is charged in Count Three of the Sixth Superseding Indictment with conspiracy to manufacture, distribute, and possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841, 846; and in Count 46 with manufacturing methamphetamine, in violation of 21 U.S.C. § 841. Both of these counts, especially within the context of the rest of the superseding indictments, sufficiently put Defendant on notice as to the Government's allegations of the Devils Diciples Motorcycle Club ("DDMC") enterprise, its structure, and the role of its members. The charging document also sets forth the DDMC purposes, means, and methods of operation, as well as 224 overt acts committed by members and associates of the DDMC enterprise.

Additionally, the Government in this case has already provided Defendant with an extraordinary amount of discovery. When, as here, the necessary information can be found in discovery and other sources, or in collaboration of the two, a motion for particulars fails. *United States v. Piccolo,* 723 F.2d 1234, 1240 (6th Cir. 1983). To the extent that the Defendant seeks further discovery under the Federal Rules of Criminal Procedure 16, the court is satisfied that the Government has discharged its obligations, as stated in the response to this motion. Such documents as are due to be provided to Defendant have been tendered. Accordingly,

IT IS ORDERED that for the reasons stated at the May 2, 2017 hearing, Defendant's Motion to Produce (Dkt. # 2041) and Motion in Limine (Dkt. # 2039) are DENIED.

IT IS FURTHER ORDERED that Defendant's "Motion for a Bill of Particulars" (Dkt. # 2040) is DENIED.

          S/Robert H. Cleland
          ROBERT H. CLELAND
          UNITED STATES DISTRICT JUDGE

Dated: June 14, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 14, 2017, by electronic and/or ordinary mail.

          S/Lisa Wagner
          Case Manager and Deputy Clerk
          (313) 234-5522